87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David D. BENNETT, et al., Plaintiffs-Appellants,
v.
GEN-PROBE, INC.; Thomas H. Bologna, et al, Defendants,
and
Law Firm of Jones, Waldo, Holbrook & McDonough, Appellee.
 No. 95-55306.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided June 14, 1996.
 
 1
 Before: SCHROEDER, LEAVY, Circuit Judges and TRIMBLE* District Court Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff-appellant, David D. Bennett is a former named plaintiff in Bennett v. Bologna, a securities fraud class action that was settled after Bennett opted out. Bennett appeals the district court's issuance of a permanent bar order obtained by counsel for the plaintiff class.
 
 
 4
 The class counsel who obtained the bar order argue initially on appeal that this court lacks jurisdiction to review the bar order because Bennett did not file a timely notice of appeal. Browder v. Director, 434 U.S. 257, 264 (1978) (timely notice of appeal both mandatory and jurisdictional). Bennett's notice of appeal was, however, timely filed with respect to the district court's denial of Bennett's motion, argued pursuant to Federal Rules of Civil Procedure 59(e) and 60, "to set aside order, and alternatively, ... to alter or amend order." Because the district court's denial of Bennett's motion addresses the merits of Bennett's arguments, this court reaches the merits of Bennett's appeal.
 
 
 5
 On the merits of his appeal, Bennett contends that since no federal court has jurisdiction to hear the underlying state malpractice and breach of contract claims he is seeking to litigate in Utah, the district court lacked subject matter jurisdiction to enter the bar order. The district court has jurisdiction, however, to enter orders to preserve and protect the "fruits and advantages" of its judgment. See Local Loan Co. v. Hunt, 292 U.S. 234, 239 (1934); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.1983) ("[a] district court retains jurisdiction to enforce the judgments it enters" and may reinforce res judicata or collateral estoppel via injunction). Thus, the district court had jurisdiction to enter a bar order to protect the finality of its class action judgment. The issue is whether this bar order serves such a purpose. The district court may not prevent a Utah court from litigating malpractice and breach of contract issues relating to appellee law firm's representation of Bennett, because such litigation does not endanger or affect the "fruits and advantages" of the district court's judgment settling the underlying class action. Further, in adjudicating Bennett's malpractice and breach of contract claims, a Utah court may examine the adequacy of the class settlement, but only insofar as that settlement sheds light on appellee law firm's representation of Bennett. The district court was entitled to protect the district court's own judgment, and thereby ensure its finality so that the class members would still receive the same settlement; the class defendant would remain obligated to pay the same settlement, and Bennett would remain a non party with no right to any share of that settlement. Cf. Samuel C. Ennis & Co., Inc. v. Woodmar Realty Co., 542 F.2d 45, 48 (9th Cir.1976) (injunction proper where state action, if successful, would nullify the federal bankruptcy court's order of distribution).
 
 
 6
 The bar order contains a disclaimer that it does not "restrain David D. Bennett from pursuing solely his individual claims...." This should not be construed to limit Bennett to pursuit of his individual claims against the original class action defendant and to preclude any challenge to counsel's handling of the class action. The district court's order must be construed narrowly to prevent any collateral attack upon the class action judgment and its finality as between the parties to that judgment. We hold, however, that the bar order cannot be construed to prevent Bennett from litigating issues in his malpractice and breach of contract actions that relate to class counsels' handling of the class action, so long as such litigation does not undermine the finality of class action judgment. The order, as so construed, is therefore AFFIRMED.
 
 
 7
 Any further appellate proceedings in this matter, including any appeals from a contempt order, shall be referred to this panel.
 
 
 
 *
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3