116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David D. BENNETT, Plaintiff-Appellant,
anda
David L. SANDERS; R. Priya Seshachari, Appellants,
v.
GEN-PROBE INC., a Delaware corporation; et al. Defendants,
anda
Law Firm of Jones, Waldo, Holdbrook & McDonough, et al., Appellees.
 Nos. 96-55160, 96-55351, 96-55340, 96-55348.
 United States Court of Appeals, Ninth Circuit.
 June 19, 1997.
 
 1
 Appeals from the United States District Court for the Southern District of California, D.C. No. CV 90-01183-JNK; Judith N. Keep, Chief Judge, Presiding.
 
 
 2
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 In these consolidated appeals, David D. Bennett, a former named plaintiff in Bennett v. Bologna, a securities fraud class action that was settled after Bennett opted out, and Bennett's attorneys appeal the district court's finding that Bennett's malpractice action against the attorneys for the class was in contempt of a Permanent Bar Order. Bennett also appeals the district court's order awarding fees and costs to his former counsel. We reverse the district court's orders.
 
 
 5
 FACTS AND PRIOR PROCEEDINGS.
 
 
 6
 Bennett, as the sole plaintiff, brought a class action for Gen-Probe, Inc.'s minority shareholders against Gen-Probe. He signed a retainer agreement with a Utah law firm, Jones, Waldo, Holbrook & McDonough, to represent him. Before certification of, a settlement class and the district court's approval of a class settlement, Bennett timely opted out of the litigation. After the class action was settled, Bennett prepared a state court malpractice action against his former attorneys. The law firm requested and obtained a Permanent Bar Order from the district court.
 
 
 7
 Bennett previously appealed the Bar Order and we affirmed, but construed the order narrowly:
 
 
 8
 The district court may not prevent a Utah court from litigating malpractice and breach of contract issues relating to appellee law firm's representation of Bennett, because such litigation does not endanger or affect the "fruits and advantages" of the district court's judgment settling the underlying class action. Further, in adjudicating Bennett's malpractice and breach of contract claims, a Utah court may examine the adequacy of the class settlement, but only insofar as that settlement sheds light on appellee law firm's representation of Bennett.... [The bar order] should not be construed to limit Bennett to pursuit of his individual claims against the original class action defendant and to preclude any challenge to counsel's handling of the class action.
 
 
 9
 Bennett v. Gen-Probe, Inc., No. 95-55306, 1996 WL 328792, at * 1-2 (9th Cir. June 14, 1996). We also ordered that any further appellate proceedings in this matter, including any appeals from a contempt order, be referred to this panel.
 
 
 10
 After appealing the Bar Order, Bennett brought an action in Utah state court against his former lawyers. Bennett's Second Amended Complaint alleged six individual claims: 1) breach of the retainer agreement, 2) legal malpractice, 3) breach of fiduciary duty, 4) intentional infliction of emotional distress, 5) abuse of process, and 6) punitive damages. Bennett's former lawyers asked the district court to find Bennett in contempt of the Bar Order. On January 11, 1996, before our decision in the earlier appeal, the district court declared Bennett and his counsel in contempt and ordered Bennett to amend his state court complaint, finding that many of the factual allegations in the complaint challenged the sufficiency and fairness of the class action settlement and the adequacy of the law firm's legal services on behalf of the class. The district court also ordered Bennett to pay, as a sanction, costs and attorney's fees of $27,720.36. Bennett and his attorneys timely appealed.
 
 ANALYSIS
 
 11
 Bennett's Second Amended Complaint does not assert any claim on behalf of the class and does not purport to affect the parties to the underlying class action settlement. When the complaint challenges the adequacy of the class settlement, it does so only insofar as it relates to the law firm's representation of Bennett. Similarly, Bennett's allegations concerning the law firm's representation of the class relate to his claims concerning his representation. The district court erred in holding that any challenge to the adequacy of the settlement or to the law firm's representation of the class threatened the finality of the class action judgment and in finding Bennett and his counsel in contempt.
 
 
 12
 The district court's orders finding Bennett and his counsel in contempt of the Bar Order and requiring Bennett to amend his complaint and to pay sanctions are REVERSED.
 
 
 
 **
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3